IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                                  Civil Action No. **3:16CV897**

**DELTA SIGMA THETA SORORITY, INC.,**

    Defendant.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994).

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Complaint

The action proceeds on Prasad's Particularized Complaint ("Complaint," ECF No. 13). In her Complaint, Prasad alleges:[2]

> In and around 1997–2004, I was a member of Delta Sigma Theta Sorority, incorporated [at Virginia Commonwealth University]. During "pledge" period, I was subjected to very harsh treatment [and] vicious trauma in the form of "hazing" – which [was] physical, mental, and emotional. "Sisters" (other members) would have us complete various tasks that were physical such as exercises, buy them items using our money, some performed sexual favors, some were yelled at, screamed at, suffered loss of sleep, loss of meals, etc.
> During "pledge" period, several letters were written to the elder of our pledge group to tell of our hazing – this was blamed on three of us – all three of us were "legacy" – [meaning] our mothers were sorority sisters and we were automatically granted membership by "bloodline." The other sorority sisters considered us "pauper" as if we meant nothing. All during this "process" as they called it, we were denied food, sleep, showers, talking to our families, and other rights, and were harassed, and some beaten and forced to undergo "process" daily to "cross the burning sands." Us three "legacies" were not included – but were still initiated. I refused to participate in the hazing as it was against PanHellenic

---

[2] The Court corrects the capitalization and punctuation in quotations from Prasad's Complaint. The Court also omits the emphasis in the quotations from Prasad's Complaint.

3

rules. In 2004, they kicked me out of the sorority – for no reason at all – after I stood up to the hazing [and] still reported it, [and] complained about them violating my [Americans with Disabilities Act ("ADA")] rights, etc. In jail – I had flashbacks of this trauma.

. . . .

The Defendants have defiled the Plaintiff's human [and] civil rights by demeaning her to no less than a slave. "We have to break you down to build you up." Then kicking her out of [the] sorority [because] she complained about the hazing. They are against [her because] she is disabled (Eta Tau joked about her mental illness of depression often).

(Compl. 1–3.)

Prasad alleges violations of the ADA, "human rights," and the First,[3] Thirteenth,[4] Fourteenth,[5] and Fifteenth[6] Amendments. (*Id.* at 2–3.) Prasad seeks injunctive relief as well as monetary damages. (*Id.* at 3–4.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Although Prasad's Complaint has many legal infirmities, it ultimately will be dismissed as frivolous for

---

[3] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

[4] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[6] "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. amend. XV.

falling well outside the applicable statutes of limitations for 42 U.S.C. § 1983 and ADA actions.

### A. The Applicable Statute of Limitations Bars Prasad's 42 U.S.C. § 1983 Claims

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2017). Thus, Prasad was required to file her Complaint within two years from when the underlying claims accrued.

When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Further, in order to dismiss a 42 U.S.C. § 1983 action because the applicable statute of limitations has expired, "the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 11CV12, 11CV13, 11CV14, 11CV15, 11CV16, 11CV17, 11CV18, 11CV19, 11CV 20, 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F. App'x 812 (4th Cir. 2011).

It is clear from the face of her Complaint that the events of which Prasad complains accrued more than two years before this action was brought. As evident by her Complaint, Prasad was aware, or at the very least was on inquiry notice, that the Defendant was engaged in what she deems as "hazing" between 1997 and 2004. (Compl. 1.) Further, Prasad was certainly

aware that the Defendant "kicked [her] out" in 2004 after Prasad "stood up to the hazing" and "still reported it [and] complained." (*Id.* at 2.) Thus, Prasad's claims accrued no later than 2004, meaning she had until sometime in 2006 to file this action. Prasad filed her Complaint in November 2016, almost ten years after the expiration of Virginia's applicable statute of limitations. *See* Va. Code Ann. § 8.01–243(A) (West 2017). Therefore, Prasad's Complaint is untimely on its face,[7] and her 42 U.S.C. § 1983 action is frivolous. *See Nasim*, 64 F.3d at 956 (holding that the district court did not err in dismissing as frivolous an inmate's complaint alleging that asbestos in his cell caused him physical and psychological injuries when the action was filed four years after it accrued and a year after the applicable statute of limitations expired).

## B. The Applicable Statute of Limitations Bars Prasad's ADA Claims

Prasad also asserts that the Defendant violated her rights under the ADA. However, it is unclear from Prasad's Complaint under which Title of the ADA she brings her claims. Because the Court presumes that Prasad intends to cast her Complaint broadly, the Court construes Prasad to allege violations of Title II[8] and/or Title III[9] of the ADA, as well as a claim of retaliation for

---

[7] In contrast to accrual, whether a 42 U.S.C. § 1983 claim is tolled is a matter of state law. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 486 (1980). However, Prasad does not allege and the Court finds no grounds for tolling the applicable Virginia statute of limitations. *See* Va. Code Ann. § 8.01–229 (West 2017); *Anderson v. Humphres*, No. 1:06CV653 LMB/BRP, 2006 WL 6198680, at *1 (E.D. Va. Dec. 4, 2006).

[8] Title II states, in relevant part, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132.

[9] Title III states, in relevant part, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

protected activity under 42 U.S.C. § 12203.[10] However, for the reasons stated below, Prasad's ADA claims, whether they are brought pursuant to Title II, Title III, or considered a claim of retaliation under either Title, are barred by the applicable statute of limitations.

Like 42 U.S.C. § 1983, the ADA does not contain a statute of limitations. *Thorne v. Hale*, No. 1:08CV601 (JCC), 2009 WL 890136, at *4 (E.D. Va. Mar. 26, 2009). Consequently, federal courts "borrow the state statute of limitations that applies to the most analogous state-law claim." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (citations omitted). The United States Court of Appeals for the Fourth Circuit has held that generally, the one-year statute of limitations in the Virginia Rights of Persons with Disabilities Act ("the Virginia Act") applies to ADA claims in Virginia.[11] *Id.* at 348; *see* Va. Code Ann. § 51.5–46 (B) (West 2017). Therefore, Prasad had one year from accrual of her ADA claims to file a Complaint alleging those claims.

Also like a claim brought under 42 U.S.C. § 1983, when an ADA claim accrues is a matter of federal law. *A Soc'y Without A Name*, 655 F.3d at 348. "A claim accrues when the plaintiff becomes aware of his or her injury, *Kubrick*, 444 U.S. at 123, or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond*, No. 2009 WL

---

[10] 42 U.S.C. § 12203(a) states, in relevant part, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]."

[11] The Court notes that although the Fourth Circuit's reasoning for adopting the Virginia Act as the appropriate analogous state-law was based on the statute's "express pronouncement that regulations promulgated pursuant to the statute 'shall be consistent, whenever applicable,'" with the ADA, *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (citing *A Soc'y Without A Name*, 655 F.3d at 349), the language relied on by the Court has been removed from the statute. *See* Va. Code Ann. § 51.5–40 (West 2017). However, because this Court finds no authority holding a different statute of limitations applies to ADA claims in Virginia, the Court retains the Virginia Act's one-year statute of limitations.

on notice ... to make reasonable inquiry' as to whether a claim exists." *Almond*, No. 2009 WL 2424084, at *4 (omission in original) (quoting *Nasim*, 64 F.3d at 955). But still, "[i]n order to dismiss a complaint *sua sponte* on the ground that the statute of limitations has expired, the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, 2011 WL 9669470, at *2.

For the same reasons stated above, Prasad's ADA claims accrued no later than 2004.[12] Thus, under the Virginia Act's statute of limitations, Prasad had until sometime in 2005 to file a Complaint alleging Title II, Title III, and retaliatory violations of the ADA.[13] However, Prasad filed her Complaint in November 2016, nearly eleven years after the Virginia Act's one-year statute of limitations period expired. Thus, Prasad's ADA claims are facially time-barred.[14] *See A Soc'y Without A Name*, 655 F.3d at 348 (finding plaintiff's ADA claims were time-barred under the Virginia Act's one-year statute of limitations period when the action was filed two

---

[12] The Court does not find a continuing violation of either 42 U.S.C. § 1983 or the ADA so as to delay accrual of either applicable statute of limitations past 2004. Although Prasad claims she had "flashbacks of [the] trauma" while in jail, (Compl. 2), "a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991) (quoting *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)); *see A Soc'y Without A Name*, 655 F.3d 342 at 348.

[13] Prasad does not allege and the Court finds no grounds for equitably tolling the applicable statute of limitations. *See Thorne*, 2009 WL 890136, at *6.

[14] "'Although Congress enacted a catchall four-year statute of limitations for actions arising under federal statutes enacted *after* December 1, 1990,' the ADA was enacted on July 26, 1990." *A Soc'y Without A Name*, 655 F.3d at 347 (citations omitted). Therefore, as a general rule, "the one-year limitations period in the [Virginia Act] applies to ADA claims brought in Virginia." *Id.* at 348. The ADA was amended, however, in 2008. *See* 42 U.S.C. § 12102 (West 2017); *Dickinson v. Univ. of N. Carolina*, 91 F. Supp. 3d 755, 764 (M.D. N.C. 2015). Thus, if Prasad's claims were "made possible" by the ADA Amendments Act (ADAAA) rather than the pre-amendment ADA, she could invoke the four-year statute of limitations. *Dickinson*, 91 F. Supp. 3d at 764. However, even if Prasad had pled facts to allow the Court to infer her claims were made possible by the ADAAA, her Complaint would still be time-barred because her claims would have to have been brought no later than 2008 and Prasad filed her Complaint in November 2016.

8

frivolous. *See Neitzke*, 490 U.S. at 325 (explaining that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

## IV. Conclusion

For the foregoing reasons, Prasad's claims will be DISMISSED AS FRIVOLOUS. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: OCT - 3 2017
Richmond, Virginia