IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SUNDARI K. PRASAD,**

 Plaintiff,

v.                       Civil Action No. **3:16CV897**

**DELTA SIGMA THETA SORORITY, INC.,**

 Defendant.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se*, filed this civil rights action. By Memorandum Opinion and Order entered on October 3, 2017, the Court dismissed the action because Prasad's claims fell well outside the applicable statute of limitations. (*See* ECF Nos. 15, 16.) The matter is now before the Court on Prasad's Motion for Reconsideration of that dismissal under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 19).[1] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d

---

[1] The Court employs the pagination assigned to Prasad's Rule 59(e) Motion by the CM/ECF docketing system.

1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Prasad does not explicitly address any of the above recognized grounds for relief in her Rule 59(e) Motion. Instead, Prasad submits various sections of the Virginia and U.S. Codes, and information about 42 U.S.C. § 1983 claims. (Rule 59(e) Mot. at 2–6.) Prasad then complains of her psychological condition, her repeated requests for appointment of counsel, and objects to the fact that her civil action was dismissed as frivolous. (*Id.* at 6–7.)[2] The Court construes Prasad to argue that the Court should grant her Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice," *Hutchinson*, 994 F.2d at 1081, because the Court denied her request for appointment of counsel and dismissed her Complaint.

In a civil case, counsel should only be appointed in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citation omitted). "The existence of exceptional circumstances turns 'on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it.'" *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 722–23 (E.D. Va. 2008) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)), *aff'd sub nom. Berry v. Locke*, 331 F. App'x 237 (4th Cir. 2009). "One circumstance in which the court should appoint counsel occurs when it is obvious that a pro se litigant has a colorable claim but lacks the capacity to present it." *Id.* at 723 (citing *Waller v. Butkovich*, 584 F. Supp. 909, 947 (M.D.N.C. 1984)). However, before a Court may appoint counsel, "it must first appear that the claim has

---

[2] Beginning on page eight of the Rule 59(e) Motion, Prasad has attached pages with miscellaneous allegations that do not appear to follow logically the information provided on the previous pages. (Rule 59(e) Mot. 8–9.) These later pages outline her medical history and appear to raise new claims against the Hampton Roads Regional Jail and someone named "Hamilton Hendrix." (*See id.* at 8–9.) To the extent that Prasad wishes to raise claims pertaining to her medical history and against Hampton Roads Regional Jail and Hamilton Hendrix, she is free to file a new civil action raising these claims. As these allegations are not relevant to her Rule 59(e) Motion, the Court will not consider them here.

some merit in fact and law." *Spears v. United States*, 266 F. Supp. 22, 25–26 (S.D.W. Va. 1967) (citations omitted).

In Prasad's case, the Court dismissed her 42 U.S.C. § 1983 Complaint as legally frivolous because the applicable statute of limitations for her claims expired nearly a full ten years prior to the filing of the action. (*See* ECF No. 15, at 6.) Since Prasad's Complaint was obviously barred by the statute of limitations, she did not have a meritorious claim that would warrant the appointment of counsel. *See United States v. $27,000.00, More or Less, in U.S. Currency*, 865 F. Supp. 339, 341 (S.D.W. Va. 1994) (concluding plaintiff was not entitled to the appointment of counsel because he made "no showing that his claim . . . ha[d] any merit"). Therefore, the Court discerns no clear error of law or manifest injustice in its denial of Prasad's request for counsel, nor in its dismissal of Prasad's Complaint. Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 19) will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: MAR 3 0 2018
Richmond, Virginia